**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | |
|---|---|
| PROPERTY DISCLOSURE TECHNOLOGIES LLC, § § § *Plaintiff,* § § v. § § COLDWELL BANKER REAL ESTATE LLC, § § § *Defendant.* § | Civil Action No. 6:14 – cv ____ Jury Trial Demanded |

## PLAINTIFF'S COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Property Disclosure Technologies LLC files this Complaint for Patent Infringement against Defendant Coldwell Banker Real Estate LLC and alleges as follows:

### PARTIES

1.  Plaintiff Property Disclosure Technologies LLC ("PDT") is a Delaware Limited Liability Company having an address at One Commerce Center, 1201 Orange Street, Suite 600, Wilmington, Delaware 19899.

2.  Upon information and belief, Defendant Coldwell Banker Real Estate LLC ("Coldwell") is a Delaware Limited Liability Company, with its principal place of business located at 175 Park Avenue, Madison, New Jersey 07940-1123.  Coldwell may be served with process through its registered agent in Texas:  Corporate Creations Network Inc., 4265 San Filipe, Suite 1100, Houston, Texas 77027.

### JURISDICTION AND VENUE

3.  This is an action for patent infringement arising under the patent laws of the United States of America, Title 35, United States Code.

4. This Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5. Venue is proper in this district under 28 U.S.C. §§ 1391(c) and 1400(b). On information and belief, Coldwell has regular and established places of business in this district and/or has transacted business in this district and has committed and/or induced acts of patent infringement in this district.

## THE `167 PATENT-IN-SUIT

6. On September 1, 2009, the United States Patent and Trademark Office issued United States Patent No. 7,584,167 (the "`167 Patent") entitled "Real Estate Disclosure Reporting Method," a true copy of which is attached as Exhibit A, to inventor G. Randall Bell.

7. PDT is the assignee of the `167 Patent and possesses all rights to sue for and recover all past, present and future damages for infringement of the `167 Patent.

## THE '530 PATENT-IN-SUIT

8. On May 17, 2011, the United States Patent and Trademark Office issued United States Patent No. 7,945,530 (the "`530 Patent") entitled "Real Estate Disclosure Reporting Method," a true copy of which is attached as Exhibit B, to inventor G. Randall Bell, Ph.D.

9. PDT is the assignee of the `530 Patent and possesses all rights to sue for and recover all past, present and future damages for infringement of the `530 Patent.

## CLAIM 1
## INFRINGEMENT OF U.S. PATENT NO. 7,584,167

10. Coldwell has been and now is directly infringing one or more claims of the `167 Patent, in violation of 35 U.S.C. § 271, by making, offering and/or using in the United States the computer implemented websites http://www.coldwellbanker.com and

http://www.cbcworldwide.com, which provide computerized real estate searching and reporting functionality that performs one or more methods claimed in the `167 Patent.

11. On information and belief, Coldwell created, developed, supports and operates the aforementioned websites.

12. In addition and/or in the alternative, Coldwell has been and/or is now indirectly infringing one or more claims of the `167 Patent, in violation of 35 U.S.C. § 271(b), by inducing visitors ("End Users") to its websites to directly infringe the `167 Patent through use of the infringing functionality. Coldwell will have been aware of the `167 Patent since at least the date it was provided notice of this Complaint and may have been aware of the `167 Patent prior to this date given that the inventor, Dr. Bell, is a well-known economist and property damages consultant in the real estate industry.

13. As a direct and proximate consequence of the acts and practices of Coldwell in infringing, directly and/or indirectly, one or more claims of the `167 Patent, PDT has suffered, is suffering, and will continue to suffer injury and damages for which it is entitled to relief under 35 U.S.C. § 284 in an amount to be determined at trial.

## CLAIM 2
## INFRINGEMENT OF U.S. PATENT NO. 7,945,530

14. Coldwell has been and now is directly infringing one or more claims of the `530 Patent, in violation of 35 U.S.C. § 271, by making, offering and/or using in the United States the computer implemented websites http://www.coldwellbanker.com and http://www.cbcworldwide.com, which provide computerized real estate searching and reporting functionality that performs one or more methods claimed in the `530 Patent.

15. On information and belief, Coldwell created, developed, supports and operates the aforementioned websites.

16. In addition and/or in the alternative, Coldwell has been and/or is now indirectly infringing one or more claims of the `530 Patent, in violation of 35 U.S.C. § 271(b), by inducing visitors ("End Users") to its websites to directly infringe the `530 Patent through use of the infringing functionality. Coldwell will have been aware of the `530 Patent since at least the date it was provided notice of this Complaint and may have been aware of the `530 Patent prior to this date given that the inventor, Dr. Bell, is a well-known economist and property damages consultant in the real estate industry.

17. As a direct and proximate consequence of the acts and practices of Coldwell in infringing, directly and/or indirectly, one or more claims of the `530 Patent, PDT has suffered, is suffering, and will continue to suffer injury and damages for which it is entitled to relief under 35 U.S.C. § 284 in an amount to be determined at trial.

## GENERAL ALLEGATIONS

18. The limitation of damages provision of 35 U.S.C. § 287(a) is not applicable to PDT.

19. This case presents exceptional circumstances within the meaning of 35 U.S.C. § 285 and PDT is thus entitled to an award of its reasonable attorneys' fees.

## DEMAND FOR JURY TRIAL

20. PDT, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, PDT requests entry of judgment that:

1. Defendant has infringed each of the patents-in-suit;

2. Defendant account for and pay to Plaintiff all damages caused by its infringement of the patents-in-suit;

3. Plaintiff be granted pre-judgment and post-judgment interest on the damages caused to it by reason of one or more of Defendant's patent infringement;

4. Plaintiff be awarded enhanced damages in accordance with 35 U.S.C. § 284;

5. The Court declare this an exceptional case and that Plaintiff be granted reasonable attorneys' fees in accordance with 35 U.S.C. § 285;

6. Costs be awarded to Plaintiff; and

7. Plaintiff be granted such other and further relief as the Court may deem just and proper under the circumstances.

Dated:  January 15, 2014   Respectfully submitted,

          **BUETHER JOE & CARPENTER, LLC**

By:   */s/ Christopher M. Joe*
      Christopher M. Joe
      State Bar No. 00787770
      Chris.Joe@BJCIPLaw.com
      Eric W. Buether
      State Bar No. 03316880
      Eric.Buether@BJCIPLaw.com
      Brian A. Carpenter
      State Bar No. 03840600
      Brian.Carpenter@BJCIPLaw.com
      Mark D. Perantie
      State Bar No. 24053647
      Mark.Perantie@BJCIPLaw.com
      Monica Tavakoli
      State Bar No. 24065822
      Monica.Tavakoli@BJCIPLaw.com

      1700 Pacific Avenue
      Suite 4750
      Dallas, Texas 75201
      Telephone:   (214) 466-1272
      Facsimile:    (214) 635-1828

      **ATTORNEYS FOR PLAINTIFF PROPERTY DISCLOSURE TECHNOLOGIES LLC**